of plaintiff, but we cannot limit compensable damages for pain and suffering to a set percentage of medical, hospital and kindred expenses. * * * Each verdict for a personal injury must be examined in the light of the particular injury involved, with humble deference to the discretion of the jury in making its determination * * *." (16 Ill.2d 442, 452-53, 158 N.E.2d 63, 69.)

See also *McKasson v. Zimmer Manufacturing Co.*, 12 Ill.App.3d 429, 299 N.E.2d 38.

We have carefully reviewed the record and do not believe that the amount of the verdict was the result of passion or prejudice or that it is palpably erroneous. We are also not unmindful of the fact that the trial judge who saw and heard the witnesses overruled the city's motion to set aside the verdict.

For the reasons stated herein, the judgment of the trial court is affirmed.

Affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE SCOTT, Defendant-Appellant.

(No. 59963;

First District (4th Division)—February 26, 1975.

Opinion by Mr. JUSTICE BURMAN.

James J. Doherty, Public Defender, of Chicago (Frederick F. Cohn, Professor of Law, and Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Scott W. Petersen, Assistant State's Attorneys, of counsel), for the People.

Max E. Stein et al., d/b/a Thornton, Ltd., Plaintiffs-Appellants, v. Sidney R. Olsen, Registrar of Titles, et al., Defendants-Appellees.

(No. 60001;

First District (4th Division)—February 26, 1975.

Rehearing denied April 2, 1975.